Dear Mr. Guilliams:
You requested an opinion from this office concerning the powers and authority of the members of the board of aldermen for the City of Winnfield.
First of all you questioned the payment of wages to employees for forty hours when the time cards do not indicate that the employees have worked forty hours.
Article VII, Section 14 of the Louisiana Constitution of 1974, addresses the donation of public property and funds. It provides, in pertinent part, as follows:
 Section 14. (A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, of things of value of the state or of any political subdivision shall not be banded, pledged, or donated to or for any person, association, or corporation. public or private. Neither the state nor a political subdivision shall subscribe to or purchase the stock of a corporation or association or for any private enterprise.
The payment of funds as wages for hours which have not been earned would be a donation of public funds. This is prohibited by Article VII. Section 14 of the Louisiana Constitution of 1974. Therefore, it is the opinion of this office that payment of funds, as wages, to employees for a forty hour work period when the employees have not worked the forty hours is in contravention of Article VII. Section 14 of the Louisiana Constitution of 1974.
LSA-R.S. 14:138 of the Criminal Code addresses the crime of Public Pay Roll Fraud. It provides:
Public payroll fraud is committed when:
 (1) Any person shall knowingly receive any payment of compensation, or knowingly permit his name to be carried on any employment list or pay roll for any payment of compensation from the state, for services not actually rendered by himself, or for services grossly inadequate for the payment or compensation received or to be received according to such employment list or pay roll; or
 (2) Any public officer or public employee shall carry, cause to be carried, or permit to be carried, directly or indirectly, upon the employement list or pay roll of his office, the name of any person as employee, or shall pay any employee, with knowledge that such employee is receiving payment or compensation for services not actually rendered by said employee or for services grossly inadequate for such payment or compensation.
 This article shall not apply in a situation where a bona fide public officer or public employee, who is justifiably absent from his job or position for a reasonable time, continues to receive his usual compensation or a part thereof.
 Whoever commits the crime of public pay roll fraud shall be fined not more than one thousand dollars, or imprisoned, with or without hard labor, for not more than two years, or both.
As indicated in the statute quoted above, public pay roll fraud is committed when any public officer pays any employee compensation for services not actually rendered by the employee. Thus, not only is the payment of the questioned wages in violation of the Louisiana Constitution, but such payment is a crime punishable by the payment of a fine or imprisonment.
The remainder of your questions concerned the authority of the members of the council to direct city employees to perform job related tasks and dictate operational procedures for the employees, such as determining work schedules. LSA-R.S. 33:404 addresses the duties and powers of a Lawrason Act mayor. The provision gives the mayor supervisory and administrative authority of all departments and agencies other than a police department with an elected chief of police. It provides, in pertinent part, as follows:
 A. The mayor shall have the following powers, duties, and responsibilities:
 (1) To supervise and direct the administration and operation of all municipal departments, offices, and agencies, other than a police department with an elected chief of police, in conformity with ordinances adopted by the board of aldermen and with applicable provisions of state law. All administrative staff shall be subordinate to the mayor.
 (2) To delegate the performance of administrative duties to such municipal officers or employees as he deems necessary and advisable.
 * * * * * * * * * (9) To have any other power or perform any other duty as may be necessary or proper for the administration of municipal affairs not denied by law.
The mayor is the chief municipal administrative officer and is given the authority to supervise and direct the day to day operation of all municipal departments and agencies. This administrative authority includes the authority to delegate and direct the performance of duties and job related tasks and to determine and establish day to day operational procedures such as work schedules. Thus, it is the mayor who possesses these administrative powers and authority and not the members of the municipal board of aldermen.
It is hoped that this opinion has been of some assistance to you. If we may be of any further assistance, please feel free to contact us.
Sincerely,
 WILLIAM J. GUSTE, JR Attorney General
 BY: __________________________ CASSANDRA A. SIMMS Assistant Attorney General
OPINION NUMBER 03-0360
October 20, 2003
90-A-1 PUBLIC FUNDS CONTRACTS Art. VII, § 10.8; La.R.S. 39:98.1, et seq
Legislation is required to address situation where non-eligible schools have been appropriated monies from the Education Excellence Fund.
Mr. Cecil J. Picard State Superintendent of Education Department of Education P. O. Box 94064 Baton Rouge, LA 70804